THE STATE BOARD OF REGISTRATION AND EXAMINA-TION IN DENTISTRY, APPELLANT, v. GEORGE LEE TERRY, RESPONDENT.

Argued June 6, 1905—Decided November 13, 1905.

Section 8 of the act to regulate the practice of dentistry (*Pamph. L.* 1898, *p.* 119) provides that the act shall not be construed to pro-hibit the registered student of a licensed dentist from assisting his preceptor in dental operations while in his presence and under his direct and immediate personal supervision. *Held*, that, to exempt the defendant from the penalties of the act for practicing dentistry without a license, it was not sufficient that he was a student of a regularly licensed dentist; his practice must have consisted in assisting his preceptor, under the direct and im-mediate personal supervision of the latter.

On appeal from the District Court of Trenton.

Before Justices DIXON and SWAYZE.

For the appellant, *Edward D. Duffield,* assistant attorney-general.

For the appellee, *J. Lefferts Conard.*

The opinion of the court was delivered by

SWAYZE, J.    This is an action to recover a penalty for practicing dentistry without a license.    The statute (*Pamph. L.* 1898, *p.* 119) subjects to the penalty any person practicing dentistry, not being at the time legally licensed to practice as such in this state (section 12), and gives a right of action to recover the penalty to the state board of registration.    (Section 16.)

The act is not to be construed to prohibit the registered student of a licensed dentist from assisting his preceptor in dental operations while in his presence and under his direct and immediate personal supervision.    (Section 8.)    The only provision for registration is that there shall be an annual registration of every person practicing dentistry within the state, together with an annual registration of each and every assistant in the employ of every such person.    (Section 10.)

In the present case the judge left two questions to the jury—*first,* whether the defendant was practicing dentistry; *second,* whether he was a student of a regularly licensed dentist.    He charged that if the jury found that the defendant while practicing was doing so as a student of a regularly licensed dentist, the verdict should be for the defendant.    To this part of the charge exception was duly taken.

We think the charge was erroneous.    The exception in section 8 is not an exception of all students in all circumstances; it is narrowed to a registered student, while assisting his preceptor in the preceptor's presence, and under his direct and immediate personal supervision.

It is difficult to determine what the act means by a registered student, since no provision is made for the registration of students as such, but only for the registration of assistants.

In the present case that question need not be decided. There was evidence indicating that the defendant was not an assistant but rather the principal, and that the dental operations he performed were performed independently and on his own responsibility, and not under the direct and immediate personal supervision of the alleged preceptors. The defendant did not bring himself within the exception of section 8 merely by proving that he was a student, without proving the other qualifications in that section.

For this error the judgment must be reversed, and there must be a new trial.